No. 40,385

CHESTER G. CHRISTENSEN, *Appellee,* v. BUILDERS SAND COMPANY, a Corporation, *Appellant.*

(308 P. 2d 69)

762

Opinion filed March 9, 1957.

*Leonard O. Thomas,* of Kansas City, argued the cause, and *Arthur J. Stanley, Jr., J. E. Schroeder, Lee E. Weeks, J. D. Lysaught, Richard Millsap, Robert H. Bingham* and *Ervin G. Johnston,* all of Kansas City, were with him on the briefs for the appellant.

*Joseph P. Jenkins,* of Kansas City, argued the cause, and *Joseph Cohen, Charles S. Schnider, John E. Shamberg, Thomas E. Joyce, Albert M. Ross* and *Charles W. Lowder,* all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: On November 5, 1953, while plaintiff was driving on a highway in Wyandotte County, his car was struck in the rear by a truck loaded with sand driven by one Teeter. Plaintiff sustained personal injuries and other damage and brought this action against defendant, Builders Sand Company, a corporation, on the theory that, as alleged in the petition, Teeter at the time and place in question was the agent, servant and employee of defendant, employed as a truck driver engaged in hauling sand and other building materials from defendant's place of business to various points of distribution throughout the Kansas City area.

Defendant filed a verified answer denying such relationship.

Upon a trial of the action the jury found in favor of plaintiff and a judgment in the amount of $3,000 was rendered.

Defendant has appealed, specifying numerous rulings as error, among them being the order overruling its demurrer to plaintiff's evidence.

In view of the disposition of this appeal, at the outset it seems advisable to state plaintiff's theory of the case, and we quote from his brief:

"Suit was filed against appellant on the theory that at the time of the collision Teeter was hauling a load of sand for appellant as its agent and employee. The agency question became the focal point of the trial and is the only real issue involved herein."

In other words, insofar as this phase of the case is concerned, in order to make out a prima facie case it was necessary for plaintiff to establish that at the time of the collision Teeter was the agent or employee of defendant company.

On this question plaintiff's evidence established the following,

and we summarize largely from the "statement of facts" contained in his brief:

Defendant was engaged in the business of selling sand. It owned no trucks and employed no truck drivers. For some time the general custom and procedure had been for defendant to keep an order book or pad on which orders for sand were listed. Truck drivers had access to this list and could come and go as they chose. The truckers had "zoned" the greater Kansas City area so that the drayage was computed on the basis of the weight of the load and the particular zone to which the load was being delivered. The greater the load or the farther the distance the more a trucker would receive for hauling a particular load. The drivers could come to defendant's office and pick out any order they desired from the order book which listed the amount of sand and the name and address of the customer ordering the same. No driver was compelled to accept any loads, but, as a practical matter, if one wished to work he of course had to accept an order on the list. Once he accepted a load it was his duty to deliver it to the designated address shown on the delivery receipt. A driver could haul as many or as few loads as he wished. No regular hours were kept and there were no contracts between defendant and the drivers as to the number of loads they were to haul or when they were to come to work. When a load of sand was delivered defendant would collect the amount of drayage from the customer and in turn remit it to the owner of the truck. In delivering sand the drivers were free to choose any route they desired, although, as a practical matter, most, if not all, followed the most direct route. It did not matter to defendant who drove the trucks or by whom the trucks were owned. Its only concern was that the sand be delivered to the proper parties.

Teeter, who died prior to the trial of this case, was one of the many truck drivers who hauled sand from defendant's place of business and who operated under the custom and usage above related. On the day and trip in question he was driving one of two trucks owned by one Rutherford, an independent truck owner and operator. On that day Teeter hauled four loads of sand from defendant's place of business. The drayage for these four hauls amounted to $26.93. This amount was remitted to Rutherford. No payment whatsoever was made by defendant to Teeter. He was employed by Rutherford at a salary of $66.00 per week. Insofar

as the relationship between defendant and Teeter was concerned, defendant had never employed Teeter in any capacity whatsoever —he simply was one of the numerous truck drivers who, from time to time, would haul sand if there was any to be delivered. If Teeter wanted to work, or if he did not, such fact was of no concern to defendant. In hauling a load it was his privilege to choose his route, and defendant exercised no supervisory capacity or control over him in any manner.

Defendant vigorously contends that under these facts, and other evidence of like import, plaintiff utterly failed to establish that at the time in question Teeter occupied the status of an agent or employee of defendant. In support of his position that the evidence established such relationship, plaintiff relies chiefly upon *Dobson v. Baxter Chat Co.*, 148 Kan. 750, 85 P. 2d 1. In his brief appears the statement that he relies primarily on the doctrine of that case as authority for affirming the judgment here.

Despite some similarities in other respects, the basic facts in the Dobson case are clearly distinguishable from those of the case before us. There the truck drivers, including the one in question, were hired by and worked under the orders and supervision of the superintendent-foreman of defendant company, and were paid once a week directly by defendant. The opinion states that defendant at all times had the right to control the manner in which the hauling was done. The truck driver was in fact an employee of defendant. Those circumstances are not present here. Plaintiff's evidence clearly established the fact that Teeter was not in any sense of the word hired by defendant; that defendant possessed no right to control, nor did it attempt to control, the manner in which he did his hauling, and payment for the drayage was collected by defendant from the purchasers of sand and in turn remitted to Rutherford, the owner of the truck, and that Teeter merely worked for Rutherford at a weekly salary.

In view of plaintiff's own statement and theory of the question involved, we consider it unnecessary to take up and discuss various arguments and contentions with respect to whether Rutherford occupied the status of an independent contractor. Our discussion and decision are limited to the question whether the evidence established the relationship of agent or employee *as between Teeter and defendant company*. In our opinion plaintiff's evidence, even when considered in the most favorable light to which it is entitled on

demurrer, wholly failed to establish any such relationship. Such being the case, defendant would not be liable for the negligence of Teeter while hauling the load of sand in question, and its demurrer to the evidence should have been sustained.

In view of what has been said, discussion of other alleged trial and post-trial errors becomes unnecessary. The judgment is reversed with directions to sustain defendant's demurrer to plaintiff's evidence.